The law is laid down correctly in Gilbert, 38, a verdict cannot be given in evidence unless judgment has been rendered on it, for otherwise, says the book, it does not appear but a new trial or an arrest of judgment might have taken place.
The judgment of the Court is necessary to the determination of every suit. It is the essential part of the record; the verdict is only the mean by which the Court are enabled to render judgment. After verdict in this case there was a rule for a new trial; there is no judgment on this record, and for aught that appears to the contrary it might have been arrested; the rule of law will not permit us to presume that judgment followed the verdict; though the rule for a new trial was discharged, yet the judgment might have been arrested, which is one of the presumptions of the law to rebut which this record affords no evidence. Upon this ground the record cannot be received.
Several witnesses were produced on both sides to show what had been proved by Daniel Ragan, a son of the plaintiff's, who had been sworn on the former trial *Page 96 
in the County Court of Washington, and was now dead, he was a subscribing witness to the bill of sale from Harrison to the plaintiff. On that trial Daniel Ragan swore that Harrison owed his father for a wagon and team estimated at five hundred dollars, for three horses, and for a debt his father had paid for Harrison in Virginia, which he supposed was the consideration of the bill of sale he witnessed. That the property was not delivered, but remained in the possession of Harrison. Doctor William P. Chester, who had previously been released, proved that he purchased a lot of Harrison, and after paying the consideration he was referred to the plaintiff for a title, who made it, being the same lot mentioned in the deed dated the 6th of April, 1798, from Harrison to the plaintiff. Chester paid Harrison, and not Ragan, for the lot.
MILLER, for the plaintiff, desired to know if any conversation between Harrison and the plaintiff, respecting a debt due from Harrison to the plaintiff, would be admitted as testimony.